(90 South. 45)

### SMITH v. STATE. (8 Div. 804.)

(Court of Appeals of Alabama. April 12, 1921.)

Criminal law ⬅️753(2)—Refusal of affirmative charge held proper.

Where the evidence was in conflict, and the state by its witness offered sufficient evidence to support a verdict of guilty, an affirmative charge for defendant was properly refused.

Appeal from Circuit Court, Lauderdale County; C. P. Almon, Judge.

W. B. Smith was convicted of violating the prohibition law, and he appeals. Affirmed.

The evidence of the state tended to show that three girls, passing through an apple orchard near the defendant's house, found a two-gallon jug and two five-gallon jugs, emptied the contents of the two-gallon jug, and tasted the contents of the two five-gallon jugs, and each jug contained whisky; that the defendant and one Graham came up while they were in the orchard, loitered around, and within about 15 minutes afterwards secured the two five-gallon jugs, placed them in an automobile, and drove rapidly away. The evidence for the defendant tended to show that he went out into the orchard to break up a turkey which was setting, or to prepare potato ground, and that Graham just happened along, and that they knew nothing about the two jugs.

Mitchell & Hughston, of Florence, for appellant.

Brief of counsel did not reach the Reporter.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Counsel discuss the assignments of error, but without citation of authority.

BRICKEN, P. J. The prosecution of this defendant originated in the county court; he was there charged with the offense of having in his possession spirituous, vinous, or malt liquors. From a judgment of conviction in the county court, he appealed to the circuit court, and was there tried by a jury for the same offense on a complaint filed by the solicitor. He was again convicted, the jury imposing a fine of $150 against him, and the court sentenced him

to an additional punishment at hard labor for the county for six months.

The refusal to give the affirmative charge, and certain rulings of the court upon the testimony, are insisted upon as error. The affirmative charge was properly refused, the evidence being in conflict, and the state by its witnesses offered sufficient evidence to support the verdict of the jury.

The rulings of the court upon the testimony are clearly free from error of a prejudicial nature, and as the record is also free from error, the judgment of the lower court is affirmed.

Affirmed.